The Chief Justice delivered the opinion of the Court.
Hornblower, C. J.
The complaint in this cause, sets out, that the defendant below, having obtained possession of the premises in question, under or by collusion, with one Timothy C. Conner, a former tenant of the premises, wilfully and without force,, holds over, &c.
On the trial, the plaintiff below, offered to prove that the said Timothy C. Conner, the former tenant named in the complaint,, had told the witness, that his tenancy in the premises, expired on the first day of April, 1836. To this evidence the defendant objected, but the Justice overruled the objection, and admitted the evidence, giving as a reason therefor, as stated upon his record, “ that the said Conner was charged in the plaintiff’s complaint, of collusion with the defendant.” In-doing so, the Justice clearly-committed an error. If the collusion of Conner, with the defendant, would have legalized evidence of what Conner had said,, that collusion ought first to have been proved: instead of that the Justice admitted the evidence simply, because the plaintiff had charged him with collusion; which for all that appears, may be a libel upon his character. But it is unnecessary to say, that a plaintiff cannot make the conversations or declarations of third persons, evidence against his adversary, by simply charging. *194 such third persons, with fraud or collusion. Such a rule would be as dangerous and destructive, to all security of property and character as it would be unreasonable. A party either plaintiff or defendant, could always make evidence for himself, by impeaching the characters and conduct of those, whose out door conversations might be favorable to his interests.
But suppose the imputation was just, and that Conner had collusively put the defendant in possession; would that justify or legalize the evidence ? I apprehend not. The collusive manner in which the defendant got the possession, may be proved, and so far as that sustains the plaintiff’s case, it is all right; but then, the mere fact, that the defendant acquired the possession by collusion with Conner, will not make his declarations evidence, unless they were made in the presence of the defendant, or unless they were made at the time of, and were a part of the collusive transaction.
If the defendant derived his possession from Conner and professed to hold under him, then indeed it would be competent for the plaintiff to shew, what Conner had said, as to his own rights, while he was in possession, and before the defendant entered: and this is the whole extent, to which the cases go, that were cited by the plaintiff’s counsel. Waring v. Warren, 1 Johns. R. 340, 341. Walker v. Broadstock, 1 Esp. N. P. Cas. 458; Davies v. Pierce, 2 D. & E. 53; Doe v. Williams, Cowp. 621, Jackson v. Bard, 4 Johns. R. 230, 234.
Let the Judgment be reversed.
Eoed and Byebsost, Justices, concurred.

Judgment Reversed.